William DeMarco v. Commissioner.
William DeMarco v. Commissioner
Docket No. 55764.
United States Tax Court
1958 Tax Ct. Memo LEXIS 110; 17 T.C.M. (CCH) 644; June 26, 1958
*110 TRAIN
Order TRAIN, Judge: On June 2, 1958, the respondent filed a "Motion for Reconsideration Under Rule 19" of our Memorandum Findings of Fact and Opinion filed April 30, 1958, . On consideration of that motion and the petitioner's "Brief Contra Motion for Reconsideration Under Rule 19" filed June 12, 1958, and for the reasons stated in our memorandum to accompany this order, it is ORDERED: That the Findings of Fact (mimeographed copy) at page 14, be amended by adding to the first full paragraph, after the table, the following: "Petitioner required cash payment for the above sales. The R. D. R.'s reflecting five of the above sales were forwarded to Chrysler with the following information: Serial
Motor
Date of
Make
Model
Number
Number
Sales Price
Sale
2/22/47
Express
81174384
T112-149472
$1,050.00
3/24/47
Express
81227921
T116-91934
1,301.45
5/19/47
Dodge Deluxe
5 Pass. Coupe
30866597
D24-232651
1,426.00
5/21/47
Dodge Custom
Club Coupe
30869354
D24-235712
1,605.25
5/29/47
Plymouth Special
Club Coupe
11717312
P12-386344
1,400.00"
And that The Findings of Fact *111 (mimeographed copy), at page 18, be amended by striking the last sentence of the first full paragraph and adding the following: "The deficiency for 1947 is due to fraud with the intent to evade tax. The deficiency for 1950 is not due to fraud with intent to evade tax." It is FURTHER ORDERED: That the Opinion (mimeographed copy), at page 19, be amended by striking the sentence beginning on line 7, and inserting the following: "We have found as a fact that five sales were made to Simon M. Cherivtch in 1947 and the sales price for each auto thus sold. Petitioner, however, reported these sales to Chrysler at a much lower figure. No reason has appeared for this false entry. It does appear that the figures which were forwarded to Chrysler became part of the records of the business and were therefore included in the income tax returns for that year. The double entry of the sales, the understatement of the sales price, and the failure to include the full amount of income from the sales is sufficient to establish the requisite intent to evade the tax. , rehearing denied (1955). Petitioner has not offered an explanation for the *112 false reporting, nor has he proceeded with proof to overcome the presumption of intent established by the respondent. We, therefore, have found that the failure to report the $13,280.20 additional income in 1947 is due to fraud with intent to evade the tax." And that The Opinion (mimeographed copy), at page 19, line 10, be amended by striking therefrom the word "also". And it is FURTHER ORDERED: That the Rule 50 computation respecting the issue of fraud in the year 1947, be made pursuant to the above changes. Memorandum to Accompany Order TRAIN, Judge: On April 30, 1958, we filed our Memorandum Findings of Fact and Opinion in this proceeding. Part (b) of Issue 2 involved the question of: "(b) Whether any part of the deficiencies is due to fraud with intent to evade the tax." Respondent's reply brief contained the following statement: "The decision in , on facts analogous to DeMarco in many respects (p. 720), simplifies the resolution of the fraud issue before this Court. If this Court believes that the alleged loans were in fact bona fide loans in the full amount claimed, then the petitioner prevails for all years except 1950, as to which *113 he abandoned his loan claim. But if the Court believes that the alleged loans were not bona fide in whole or in part - and this is of the utmost importance - then under the rationale of Adonis the following rule would apply: the finding that the loans, in whole or in part, were not bona fide loans justifies a finding of a 'calculated misrepresentation designed to conceal current income,' which will support the fraud penalty." The greatest portion of respondent's proof relied on the supposition that the loans were not bona fide. The briefs relied on a finding that there were no bona fide loans. Reading the above paragraph of respondent's reply brief, we interpreted his position to be that "If this Court believes that the alleged loans were in fact bona fide loans in the full amount claimed, then the petitioner prevails for all years except 1950, * * *." We did find that the full amount of family loans were in fact received by petitioner, which loans resulted in an increase of petitioner's net worth to the extent of the family loans. Having thus found, we relied upon respondent's statement "then the petitioner prevails for all years except 1950" and concluded that it meant he conceded *114 the issue of fraud. We did not think the phrase was intended to concede the issue of a deficiency because the stipulated net worth and living expenses for the year 1947 indicated additional income in the amount of $13,280.20, for which petitioner offered no explanation, and because the issue in (C.A. 3, 1955) was whether the explanation of additional net worth as offered by the petitioner was fraudulent. The burden of proof in the issue of fraud for any taxable year is on the respondent, and the proof in this case was largely directed to an attack on petitioner's explanation of the family loans. In the light of the statement from respondent's brief quoted above, we then held that the deficiency in 1947 was not due to fraud with intent to evade tax. Respondent entered a motion for reconsideration of the above findings and our opinion which followed. He asserted in the motion that the statement from his brief was intended solely to admit that the petitioner prevails for all years except 1950, to the extent of the loans. Thus, there remained the $13,280.20 unreported additional income for the year 1947 which might support a finding *115 of fraud. While we remain of the opinion that respondent's statement on brief could reasonably be interpreted as a concession of the fraud issue the statement was ambiguous and we have accepted respondent's vehement denial of any intent to make such a concession. Therefore, in the interest of justice, we granted the motion for reconsideration and have determined that it was necessary to make additional findings, which reflect the natural implications of the proof offered by respondent at the trial. An order will be entered revising our opinion respecting the issue of fraud for the year 1947 and a Rule 50 computation should be made pursuant to our direction herein.